# Supreme Court of Texas

No. 24-0213

John P. Boerschig,
*Petitioner*,

v.

Rio Grande Electric Cooperative, Inc.,
*Respondent*

On Petition for Review from the
Court of Appeals for the Fourth District of Texas

JUSTICE HAWKINS, concurring.

I join the Court's opinion. I write separately to explain my understanding of what the Court today holds.

1. To protect an easement holder's reasonable reliance interests, easements by estoppel can include closely related ancillary uses of the land such as maintenance. Such uses must be *de minimis* and reasonably necessary to continue the existing use of the property—that is the test, and not whether any improvements actually harm the owner of the burdened estate.

2. There is a zone of close calls that can be decided only by a jury. I expect that many disputes over whether the holder of an easement by

estoppel has impermissibly exceeded his rights and committed a trespass will require resolution by twelve of his neighbors, not a judge.

3. Nevertheless, two record-specific considerations require this case to be resolved as a matter of law. First, Rio Grande materially expanded its intrusion into the burdened estate beyond the original contemplated use of the land. These improvements were plainly broader than necessary to protect Rio Grande's reliance interests from its original investment in the land in the 1940s. Second, the improvements went beyond any notice attributable to Mr. Boerschig in connection with his 2002 purchase. He had notice of the visible 1947 line—not of a use of the land that would involve tripling the poles and nearly doubling the lines.

This third point is what gives rise to the primary disagreement between the Court and the dissent. I hope readers will not misunderstand that disagreement. All we hold is that these particular facts go so far beyond the proper confines of an easement by estoppel that courts must find a trespass as a matter of law. On that understanding, I join the Court's opinion.

Kyle D. Hawkins
Justice

**OPINION FILED:** May 22, 2026

2